NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-4258

———

UNITED STATES OF AMERICA

v.

DEBORAH MORRIS,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 0313-2 : 05-cr-00613)
District Judge: Hon. Lawrence F. Stengel

———

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2010

Before: SLOVITER, NYGAARD, Circuit Judges, and RESTANI[*], Judge

(Filed April 16, 2010)

———

OPINION

SLOVITER, *Circuit Judge*.

———

[*] Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

Deborah Morris appeals from her convictions for health care fraud and mail fraud.

## I.

Morris ran D.N. Morris and Associates, a company that provided health care services to persons in and around the Philadelphia area. In 1997, she obtained Medicare provider numbers for herself as an individual and for D.N. Morris and Associates by submitting a false social security number, a false clinical social worker license, and by falsely asserting that she had graduated from the University of Pennsylvania. Using those provider numbers, over the next five years D.N. Morris and Morris submitted a total of 5,021 claims to Medicaid for services purportedly provided to fifty-nine beneficiaries.

Several of these beneficiaries, however, testified at trial that they received no such services. Some of the claims were for services supposedly performed after the purported beneficiaries had already died. Indeed, the Government provided evidence that Morris and D.N. Morris and Associates had not provided any services to any Medicare eligible person.

In 2002, the provider numbers for Morris and D.N. Morris were revoked. In 2005, a grand jury indicted Morris on thirty-four counts of health care fraud in violation of 18 U.S.C. § 1347, fourteen counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of making false statements in a health care proceeding in violation of 18 U.S.C. § 1035. A jury found Morris guilty of all charges and she was sentenced to sixty months in prison followed by three years of supervised release.

On appeal, Morris argues that her conviction for health care fraud and mail fraud

2

should be overturned because there was insufficient evidence from which a jury could conclude (1) that she was the party responsible for submitting the offending claims to Medicare, or (2) that she participated in criminal activity with the requisite mental state to warrant conviction. We agree with Morris' argument that if her health care fraud convictions are reversed, her mail fraud convictions, which stem from her receipt of payments for false claims, must also be reversed.[1]

Morris asserts that the "government alleges, circumstantially, that appellant must have been the person who submitted the claims because she was the person who ran the company, completed the Medicare provider application and received a letter introducing her to the electronic claims submission system." Appellant's Br. at 27. Despite this assertion, as the government points out, there was significant testimony at trial, including from Donna Royce-Morton, Morris' daughter and the secretary/treasurer of D.N. Morris and Associates, and Dr. Kimberly Walker, a psychiatrist who worked with D.N. Morris and whose Medicare numbers were used to submit false claims, that it was Morris who handled all of the billing for the company. A reasonable juror could conclude from this and other record evidence that it was Morris who submitted the false claims.

The requisite scienter for a violation of § 1347 is that defendant acted knowingly and willfully. Morris argues that statements she made at a Medicare hearing – the same hearing from which her conviction for making false statements in a health care

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

proceeding stems – reveal that "she was not familiar with the Medicare claims forms which are used to bill Medicare for the provision of services," and that this, coupled with her "substantial admissions of noncompliance with the basic rules of the Medicare program [are] indicative of a mind innocent of fraudulent intent."  Appellant's Br. At 29. This is utterly unconvincing.  Morris used false premises to obtain her Medicare number, then submitted claims totaling $964,454.17 for which Medicare paid $278,507.05 for services that were never provided, including services that she claimed were provided to dead people.  A juror could conclude from the number and egregiousness of the false claims that Morris submitted the claims with intent to defraud the Medicare system.

## II.

For the reasons stated above, we will affirm Morris' convictions.